**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**BARRY STEPHAN TOWNSEND**                                   **PETITIONER**

**V.**                                                        **NO. 1:07CV210-M-D**

**LAWRENCE KELLEY, et al.**                                  **RESPONDENTS**

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Barry Townsend ("Petitioner" or "Townsend") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have submitted their briefs along with exhibits and this matter is ripe for review.

*A. Factual and Procedural Background*

On August 12, 2002, DI was walking along the road from New Albany, Mississippi to Pontotoc, Mississippi to visit her boyfriend for lunch. Since she did not have a car, her plan was to catch a ride with a passerby. Townsend stopped and offered DI a ride. In exchange she gave him five dollars. Townsend told DI that he had to drop off another passenger in the car first. Before dropping off the passenger, Townsend proceeded to a home and purchased crack cocaine with the five dollars. Both Townsend and DI smoked the crack and then drove to a gas station where Townsend purchased beer. Townsend then drove to the home of the other passenger and dropped him off. Townsend and this passenger argued over the beer. This frightened DI and she exited the car and ran down the road. Townsend followed and convinced DI to get back into the car.

Now, DI and Townsend were alone in the car. Instead of driving towards Pontotoc, Townsend took DI to an abandoned gravel road. Townsend parked the car and forced DI to perform

oral and vaginal sex for a period of approximately four to five hours. After dark, Townsend and DI returned to the house where Townsend had previously dropped the other passenger. There was an older man present whom DI attempted to signal for help. Townsend took DI to a bedroom where he, again, forced her to have sex with him. When Townsend fell asleep, she exited the bedroom, taking his cell phone, and convinced the older man to drive her to a gas station. A customer from the gas station then drove DI to her mother's house.

DI later went to the hospital for treatment and evaluation. Deputy Jeannie Smith and Investigator Mickey Baker were called to the hospital. DI eventually led the authorities to the house where she claimed to have been raped. The police obtained a search warrant for the home. When they executed the search warrant, Townsend was in the home and was arrested.

On February 18, 2004, a jury of his peers found Townsend guilty of one-count of rape and two counts of sexual battery. Townsend was sentenced to thirty-five years imprisonment for the rape plus two thirty year terms for the sexual assault counts to be served consecutively with twenty years suspended. Townsend pursued an appeal. His convictions and sentences were affirmed by the Mississippi Court of Appeals. *See Townsend v. State*, 933 So.2d 986 (Miss. App. 2005). Aggrieved by the ruling, Townsend sought a writ of *certiorari* from the Mississippi Supreme Court which was denied on July 20, 2006. Townsend filed a motion for leave to proceed with post-conviction relief which the Supreme Court also denied on July 18, 2007. Townsend filed the instant petition on August 24, 2007, setting forth essentially ten grounds for relief.

> Ground One: Various constitutional violations related to an allegedly illegal arrest–(Miranda rights, denial of phone access, failure to timely appoint counsel).
>
> Ground Two: Ineffective assistance of counsel.

| | |
|---|---|
| Ground Three: | Denial of a fair trial under *Batson v. Kentucky* (impartial jury, constructive amendment, denial of cross-examination, perjury, prosecutorial misconduct). |
| Ground Four: | The court erred by denying motion for judgment of acquittal. |
| Ground Five: | Whether the prosecutor's misconduct during opening and closing arguments violated Petitioner's right to a fair trial. |
| Ground Six: | Whether the jury instructions denied Petitioner a fair trial. |
| Ground Seven: | A. Whether the court possessed subject matter jurisdiction because the Petitioner had not been served with a copy of the indictment.<br><br>B. Whether the indictment was defective. |
| Ground Eight: | The trial court erred by allowing the State to introduce testimony of the Petitioner's prior bad acts. |
| Ground Nine: | Ineffective assistance of counsel during direct appeal. |
| Ground Ten: | The cumulative effect of all the errors requires that the conviction and sentence be set aside. |

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the bar of a procedural default, the petitioner must show "cause and prejudice" or a "fundamental miscarriage of justice." *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998).

## C. Procedurally Barred Claims

The claims presented by Townsend in Grounds One, Three, Four, Five, Six and Seven (B) in the instant petition have been procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1) by the State's highest court. These grounds were presented in Townsend's motion for post-conviction review and denied by the Mississippi State Supreme Court.

As the Mississippi Supreme Court noted, neither Townsend nor his attorney preserved these issues for appellate review. Rather, Townsend included these claims for the first time in his *pro se* petition for post-conviction relief to the State's Supreme Court. Having found that Townsend failed to raise these issues previously, the court considered the claims procedurally barred.

Generally, a federal court will not review a question of law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). In simple form, the procedural bar doctrine is a rule which "applies to bar federal habeas [review] when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "Under the procedural

4

default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground." *Pitts v. Anderson*, 122 F.3d 275, 278 (5th Cir. 1997).

In order to satisfy the independence requirement, the state court must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338. Denying Townsend's claims, the Mississippi Supreme Court cited more than once Miss. Code Ann. § 99-39-21(1) which provides that "issues not raised on direct appeal or before the trial court are procedurally barred." *See Wilcher v. State*, 479 So.2d 710, 712 (Miss. 1985); *McFarland v. Entergy Miss., Inc.*, 919 So.2d 894, 904 (Miss. 2005).

A state procedural rule is adequate if it is strictly or regularly applied by the state courts. *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). A state procedural rule is afforded a presumption of adequacy when the state court expressly relies on it when declining to review a claim for collateral relief. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996). A petitioner bears the burden of showing the absence of adequacy or independence. *Id.* The Fifth Circuit Court of Appeals has held that Miss. Code Ann. § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Moreover, Townsend does not contest the independence or adequacy of the state procedural bar. Accordingly, the court may not review Townsend's claims unless he can demonstrate cause and actual prejudice or that the court's refusal to address the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To show cause a petitioner must demonstrate the existence of an objective external factor that caused the default such as interference by government officials or that the basis of the claim was not reasonably available. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397

5

(1986); *McClesky v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). As for prejudice, a petitioner must show "not merely that the errors . . . created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 493. The "miscarriage of justice" exception requires that the petitioner show that a constitutional violation probably resulted in the conviction of one who is actually, as opposed to legally, innocent of the crime. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). A fundamental miscarriage of justice can also be shown where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Townsend never discussed "cause" related to his failure to raise these issues in the State courts nor how this failure resulted in "prejudice." Although Townsend does assert his innocence, he does not have any new evidence which was not presented in the state courts. In short, he has failed to overcome the procedural bar. Therefore, this court may not review Grounds One, Three, Four, Five, Six and Seven (B).[1]

## D. Standard for Meritorious Review

The federal courts do not function as super appellate courts over the states and hold no supervisory authority over state courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

---

[1] Except to the extent that his claim also calls into question the effectiveness of an attorney.

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### Ineffective Assistance of Counsel

Townsend broadly argues that he received ineffective assistance of counsel during his trial and direct appeal.[2] When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland*

---

[2] Townsend's numerous ineffective assistance of counsel claims are strewn throughout his petition. The court has attempted to compile and analyze all such issues in this portion of the opinion.

*v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687. The review is highly deferential towards the counselor's performance. There is a strong presumption that counsel exercised reasonable and professional judgment. *Rogers v. Quaterman*, __ F.3d __, 2009 WL 10483 at *4 (5th Cir. Jan. 16, 2009).

First, Townsend claims that Richard Burdine, his attorney, failed to appear at his preliminary hearing and that the hearing had to be rescheduled. What is not obvious from the face of this claim, however, is that the hearing was rescheduled at a time that permitted Attorney Burdine to be present.[3] S.C.R. Vol. 1, p. 6. Therefore, Townsend was afforded counsel at each stage of the criminal proceedings consistent with the Sixth Amendment guarantee. *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 257, 19 L. Ed. 2d 336 (1967). Furthermore, Townsend has not argued or shown that the postponement of the preliminary hearing caused him any prejudice.[4] *Garland v. Maggio*, 717

---

[3] Townsend also admits this information in his petition. *See* "page 1 of 9" entitled "Continuance from Page 7(a) Ground Two."

[4] Townsend contends that Attorney Burdine "abandoned" him on April 9, 2003, the day Townsend was to enter his plea. Townsend explains that when Burdine did not show up at the courthouse, he called Burdine. Burdine told Townsend to come to his office. There is nothing in the record, however, supporting Townsend's abandonment claim. There is no notation on the trial court's docket regarding a plea hearing. There is no order setting his case for a hearing on April 9, 2003.

F.2d 199, 206 (5th Cir. 1983) (waiver of a preliminary hearing cannot form the basis of ineffective assistance of counsel unless it permeates the entire trial with obvious unfairness).

Townsend continues to complain that Attorney Burdine did not visit him between May 2, 2003, and February 6, 2004, while Townsend was incarcerated for an unrelated charge. The record shows that Attorney Burdine filed a motion to withdraw on August 14, 2003, citing in support thereof a "material breakdown in the client-attorney relationship" arising out of two bar complaints Townsend had filed against him. S.C.R., Vol. 1, p. 16-17. The motion was granted on August 20, 2003, which plainly explains Burdine's absence. *Id.* at p. 29. Townsend was appointed another attorney, Will Bristow, on January 12, 2004. *Id.* at p. 40.

At trial,[5] Townsend claims that Bristow's opening statement was disproportionately short in comparison to the severity of the crime and sentencing exposure. Trial Tr. 67:6-28 (Feb. 18, 2004). There is no requirement regarding the length of an opening statement. The constitution only requires that the attorney is permitted to advocate effectively for their client. *See United States v. Gray*, 105 F.3d 956, 963 (5th Cir. 1997) (reviewing time limitations); *United States v. Holland*, 526 F.2d 284, 285 (5th Cir. 1976 ) (government can waive opening statements). In fact, this state does not require opening statements in any form. *See* Miss. Code Ann. § 11-7-147. Several other states also allow a defendant to waive opening statements. *See State v. Alexander*, 339 So.2d 818 (La. 1976); *Jackson v. State*, 460 S.W. 2d 319 (Ark. 1970); *McGowen v. State*, 25 S.W. 3d 741 (Tex. App. 2000). The Mississippi Supreme Court has held that it is not *per se* ineffective assistance of counsel to waive

---

[5] Townsend additionally claims he did not know he would stand trial on February 17, 2004. Instead, Townsend thought he was to be in court on March 5, 2004, in reliance upon statements made by his bail bondsman. The record accurately reflects the confusion. Trial Tr. 60:7-28 (Feb. 17, 2004). There is, however, no constitutional issued involved.

9

opening remarks. *Spicer v. State*, 973 So.2d 184, 197 (Miss. 2007). The election not to give an opening statement or likewise to give a short statement of the case can fall within the ambit of sound trial strategy. *Rushing v. State*, 711 So.2d 450, 458 (Miss. 1998). Therefore, Bristow's concise opening statement was reasonable trial tactic.

Townsend next avers that trial counsel failed to conduct an adequate investigation or call any witnesses for the defense.[6] Townsend primarily relies upon the absence of any physical evidence adduced at his trial and his attorney's failure to secure any medical records or medical testing. Townsend argues that the results of the "rape-kit," administered to DI at the hospital, were never revealed. He, thus, posits that evidence obtained from the rape-kit was withheld by the State or destroyed because the results were favorable to him.

The "deck," however, is stacked against Townsend's bold unsupported assertions. Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002). While the complete failure to conduct any pre-trial investigation can sustain an ineffective assistance of counsel claim, an attorney's performance at trial particularly cross examination of witnesses can rebut a defendant's post-conviction claims. *See Bower v. Quarterman*, 497 F.3d 459, 468 (5th Cir. 2007). Furthermore, "complaints of uncalled witnesses are not favored in federal habeas review because allegations of what a witness would have testified are largely speculative." *Evans v. Cockerell*, 285 F.3d 370, 377 (5th Cir. 2002). Although Townsend presents endless and often specific challenges

---

[6] This claim includes innumerable attempts to call into question almost every aspect of the criminal investigation leading up to and including his arrest, the trial and his ultimate conviction.

to the tactical decisions of his trial counsel, he supports these accusations with no more than pure speculation. Even if he could establish that trial counsel's decisions were deficient, Townsend must also be able to show "a reasonable probability that, but for counsel's failure to . . . [conduct an investigation and secure favorable witnesses], the jury would have had a reasonable doubt about his guilt." *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). Townsend cannot demonstrate that but for the purported errors the jury would have held a reasonable doubt. It is true that there was very little physical evidence used to convict Townsend. Basically, the proof consisted primarily of DI's allegations of rape against the defense's claim of consensual sex. The jury obviously chose to believe DI. The court cannot now second guess the jury's credibility determinations and ultimate decision unless it was not supported by the facts which is clearly not the case here.

Townsend claims that Attorney Bristow rendered ineffective assistance by advising him not to testify. Townsend argues that "if the jury had at least heard [his] side of the story there is a possibility he may not have been convicted." A defendant in a criminal proceeding has a fundamental constitutional right to testify in his own defense. *Rock v. Arkansas*, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708-10, 97 L. Ed. 2d 37 (1987). A defendant can only waive his right to testify if that waiver is knowing, intelligent and voluntary. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). Counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002). There is a strong presumption that trial counsel's advice regarding the decision not to testify is sound trial strategy. *Bower v. Quarterman*, 497 F.3d 459, 474 (5th Cir. 2007). Interestingly, the first time Townsend expressed a change of heart about his desire to testify was after he was convicted and sentenced. There is no indication that Townsend's waiver of his right to testify was anything other than valid.

11

Trial Tr. 213-214. The trial judge also admonished the jury that no inference was to be drawn from Townsend's decision not to testify. Trial Tr. 221. Furthermore, Townsend's version of events, that he and DI had consensual sex, was presented to the jury through questioning and argument by Attorney Bristow.

Next, Townsend claims that Attorney Bristow allowed a constructive amendment of the indictment when he failed to object to testimony from the victim DI. Townsend states that DI was permitted to testify about "assault" as opposed to rape and sexual battery. Specifically, DI explained to the jury that Townsend hit, slapped, and beat her, during her period of captivity. Trial Tr. 75-95. As the State properly noted, the crime of rape requires proof of the use of force. *See* Miss. Code Ann. § 97-3-65(4)(a). Thus, defense counsel was not required to object. Indeed, any such objection likely would have been unsuccessful. Again, the absence of an objection to DI's testimony may have been prudent trial strategy. In any event, there was no "constructive amendment" to the indictment.

Townsend argues that Bristow rendered ineffective assistance because he failed to enter DI's medical records into evidence. His theory is that the medical records would have revealed that DI had consensual sex with another man the morning before her encounter with Townsend. Further he argues, the admission of the medical records would have permitted DI to testify about the consensual sex which was excluded after a hearsay objection by the State. *See* Trial. Tr. 136:23-29 to 137:1-7. First, even assuming DI had consensual sex with another man does not disprove that she was later raped by Townsend. Secondly, Bristow thoroughly cross examined DI and attempted to discredit her testimony. Even if Bristow was remiss for not introducing the medical records, Townsend has failed to prove any resulting prejudice. Generally, state evidentiary rulings do not support the grant of federal habeas relief. *Brown v. Bretke*, 419 F.3d 365, 376 (5th Cir. 2005) (unless the error renders

12

the trial fundamentally unfair). Here, the exclusion of testimony regarding consensual sex was not in error. Furthermore, the fundamental fairness of the trial was not trampled upon by the exclusion of hearsay statements.

Next, Townsend contends that both trial and appellate counsel were ineffective by failing to challenge the jury instructions. Townsend's claims, however, are unfounded. Townsend first avers that the jury instructions on sexual battery and rape failed to state the date the offense occurred. The court finds that the instructions were an accurate statement of the law and that no error or harm resulted from the omission of the date. S.C.R., Vol. 1, pp. 53, 55, and 57; Trial Tr. 216 to 225. Townsend also claims that jury instruction conference was not recorded. Respondents concede this issue but, point out this was later cured when the parties were allowed to state any objections on the record. *See* Trial Tr. 209 to 212. Townsend next claims that the instruction on the rape charge changed the substance of the charge. The rape instruction is substantially similar to the language of the indictment. The court can not conceive any substantive change to the rape charge much less any error worthy of federal habeas relief.

As for all of these claims regarding jury instructions, the constitution is not implicated by the trial court granting a jury instruction which encompasses state law. Generally, challenges to jury instructions may not form the basis for federal habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 342-43, 113 S. Ct. 2112, 2118-19, 124 L. Ed. 2d 306 (1983). A federal court may grant habeas relief only when the state court's jury instruction "by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973), not merely that the charge is "undesirable, erroneous, or even universally condemned." *Id.* at 146. Here, the court finds that the jury charge was an accurate statement of the

law and so informed the jury. There was no error of state law or, more importantly, established federal law. Thus, both trial counsel and appellate counsel were not ineffective by failing to object to or challenge the jury instructions.

As for Attorney Bristow, Townsend finally claims that he was ineffective by failing to object to the State's improper closing argument. Townsend contends that the State improperly bolstered witnesses testimony and argued facts not in evidence during closing arguments.[7] A conviction will not be set aside unless the prosecutor's conduct contributed to the guilty verdict. *Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008). Stated differently, the petitioner must show that the alleged misconduct was "persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks." *Id.* at 308 (citing *Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988)). The court has thoroughly reviewed the closing arguments from both the prosecution and defense. The court can find nothing that amounts to bolstering, misrepresentation or any reference to Townsend's decision not to take the stand. Trial Tr. 226 to 243. In short, the court can find no objectionable portion of the closing arguments. Here, the comments were not pronounced and persistent. Even assuming there was improper argument, a reasonable jury could have found Townsend guilty absent the allegedly egregious statements. Thus, the absence of an objection by Attorney Bristow was entirely appropriate. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

Following the trial, Attorney Kevin Cavender, was retained by Townsend for the direct

---

[7] In his brief, Townsend recites and challenges nearly every portion of the State's closing argument.

appeal.[8] Townsend alleges that Cavender rendered "nominal" and ineffective assistance.[9] Townsend first complains that he met with Cavender only once prior to the appeal and never again. Townsend claims that the twenty minute meeting was an insufficient amount of time to discuss his case and any appealable issues. Despite Townsend's obvious dissatisfaction with Cavender, there is no proof that his pursuit of the direct appeal was deficient or that Townsend was prejudiced any manner. Appellate counsel is not branded ineffective for failing to raise every nonfrivolous issue on appeal, even those so requested by the defendant. *See Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 3317, 77 L. Ed. 2d 987 (1983).

In summation, Townsend has failed to demonstrate any error or constitutionally deficient performance rendered by either trial or appellate counsel. Furthermore, Townsend has not shown that any such purported errors worked to his prejudice. To the contrary, both trial and appellate counsel rendered competent and reasonable advice and assistance consistent with constitutional expectations.

Ground Four: Motion for Judgment Notwithstanding the Verdict

Townsend avers that the trial court erred by denying his motion for judgment notwithstanding the jury's verdict of guilty. In support thereof, Townsend points to the lack of physical evidence

---

[8] Attorney Lori Basham was first appointed to assist Townsend with the appeal. Basham was allowed to withdraw when Cavender was retained. S.C.R., Vol. 1, p. 81.

[9] As to Cavender, Townsend points to several purported deficiencies. Townsend complains that he had difficulty contacting Cavender. He speculates that the absence of communication was because Cavender was in a rehabilitation facility. There is simply no proof to support Townsend's imaginative allegation. He further complains that Cavender failed to timely notify him that the appeal and writ of *certiorari* had been denied and that he first learned of the respective denials from the media. The constitution is not implicated by Townsend's general discontentment.

connecting him to the rape of DI. Specifically, Townsend focuses on the absence of DNA and medical testing, or other serological evidence. As noted *supra*, there was very little physical evidence presented during the trial. The State's case consisted primarily of DI's testimony which was corroborated by a sheriff's deputy and an agent with the Mississippi Bureau of Investigations. When condensed, the entire case hinged upon whether the jury believed DI or Townsend's version of events. Townsend acknowledged as much in his petition where he wrote, "guilt rose and fell almost solely on [DI's] credibility." DI testified that she was forced to have sex. Townsend's defense was that the sex was consensual. Accordingly, any DNA evidence would have only confirmed that sex occurred, an undisputed fact, not the force with which the sexual encounter took place. In any event, the jury's verdict is not unconstitutional simply because there was no DNA or other serological evidence presented.[10]

Ground Seven (A): Trial Court's Jurisdiction

Townsend argues that the trial court lacked jurisdiction because he was not served with a copy of the indictment until after his conviction. The state court records clearly contradict Townsend's claim. On March 20, 2003, Townsend was arraigned before the court, his attorney and the district attorney. The arraignment order, signed by the state court judge and defense counsel, clearly states that Townsend "was served with a copy of the Indictment." S.C.R., Vol. 1, p. 6.

---

[10] In relation to this claim, Townsend raised yet another ineffective assistance of counsel claim. He avers that appellate counsel John Cavender should have presented this argument on direct appeal. There being no plausible error in the trial court's ruling, appellate counsel did not render ineffective assistance by failing to raise the issue during the direct appeal. It has long been held that appellate counsel is not constitutionally ineffective for refusing to raise every nonfrivolous issue on appeal, even those so requested by the defendant. *See Jones*, 463 U.S. at 754; *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996).

Ground Seven is completely unfounded.

### Ground Eight: Prior Bad Acts of Townsend

Townsend claims that the trial court erred by admitting evidence of his prior bad acts. Townsend specifically refers to a stolen car report admitted into evidence. A reviewing federal court is limited to correcting errors of constitutional proportions. State court evidentiary rulings typically do not provide the basis for a federal habeas claim unless the ruling is "so extreme that it constituted a denial of fundamental fairness under the due process clause." *Brown v. Bretke*, 419 F.3d 365, 376 (5th Cir. 2005). A due process violation occurs when the controversial evidence "is [a] crucial, critical, highly significant factor in the context of the entire trial." *Johnson v. Puckett*, 176 F.3d 809, 821 (5th Cir. 1999). The test employed is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Guidroz v. Lynaugh*, 852 F.2d 832, 835 (5th Cir. 1988).

The existence of the stolen car report[11] was first mentioned by State's witness Deputy Smith. Trial Tr. 169:13-24. Then discussed further by Investigator Baker during direct and cross examination. *Id.* at 195:1-17, 201:4-10 and 203:10-21. Both witnesses explained that Townsend's girlfriend had reported the car stolen. The stolen car report matched the description of the car DI's assailant drove. The same car described in the report and by DI was located at the house where DI was raped. In each instance, the mention of the stolen car report was used to connect the car in which DI and her assailant traveled and wherein DI was eventually repeatedly sexually assault. Having thoroughly read the trial transcripts, the court is satisfied that the report was not used to show action in conformity therewith in contradiction of Mississippi Rule of Evidence 404(b). Rather, the

---

[11] There was no conviction or arrest related to the stolen car report.

mention of the report simply provided a complete story of the events which transpired on the day that DI was raped and connected Townsend to the crime for which he was convicted.

This Mississippi Court of Appeals reviewed this claim and held that the admission of the stolen car report was not error but, was properly admitted to prove Townsend's identity and to show his opportunity to commit the crimes. This court agrees. The appellate court's decision was neither contrary to nor an unreasonable application of federal law.

Townsend, however, attempts to distinguish this argument from the one set forth in the state post-conviction petition by theorizing that the State, DI, Deputy Smith and Investigator Baker conspired to convict him by falsifying documents and giving perjured testimony. Other than some insignificant inconsistencies in testimony, there is absolutely no support for Townsend's wild accusations. His conclusory and baseless allegations are plainly unworthy of habeas relief or any further attention from this court.

<u>Ground Ten: Cumulative Effect</u>

In his final argument, Townsend avers that the accumulation of all the errors require that his conviction and sentence be set aside. Federal habeas relief is only available for cumulative errors that are of a constitutional dimension. *Coble v. Quaterman*, 496 F.3d 430, 440 (5th Cir. 2007). As extensively discussed *supra*, Townsend failed to establish an ineffective assistance claim under *Strickland*, any jurisdictional defect or evidentiary error resulting in an unfair trial. Thus, Townsend has not identified any constitutional error to justify federal habeas relief.

*E. Conclusion*

The Grounds asserted by Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that Petitioner had a fair trial with a jury that

returned a reasonable verdict based on competent evidence. Therefore, Petitioner's claims have no merit and his petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 4th day of March, 2009.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**